UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| JAMIE M. MELLON, | CIV. NO. 20-00480 LEK-KJM |
|---|---|
| Plaintiff, | |
| vs. | |
| HOME DEPOT U.S.A., INC., A FOREIGN CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF HAWAII; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENTAL ENTITIES 1-10, | |
| Defendants. | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**BACKGROUND**

Plaintiff Jamie M. Mellon ("Plaintiff" or "Mellon") initiated this action in the State of Hawai`i Circuit Court of the First Circuit ("state court") on April 18, 2020. [Notice of Removal of Action ("Notice of Removal"), filed 11/6/20 (dkt. no. 1), Exh. A (all filings in this case prior to removal) at PageID #: 13-16 (Complaint).] Defendant Home Depot USA ("Defendant") removed the action based on diversity jurisdiction. [Notice of Removal at pg. 2.] The Complaint alleges that, on May 26, 2018, Defendant "maliciously, and without probable cause therefore, caused the plaintiff to be arrested and charged with"

terroristic threatening in the first degree, in violation of Haw. Rev. Stat. § 707-716(1)(e).  [Complaint at ¶ 4.]

On May 26, 2018, Mellon went into the Home Depot store in Kapolei to use the restroom.  [Separate and Concise Statement of Facts in Supp. of Def.'s Home Depot U.S.A., Inc.'s Motion for Summary Judgment ("Def.'s CSOF"), filed 7/7/21 (dkt. no. 25), at ¶ 1; Separate and Concise Statement of Facts in Opp. to Def.'s Motion for Summary Judgment ("Pltf.'s CSOF"), filed 8/18/21 (dkt. no. 36), at ¶ 1 (stating Def.'s ¶ 1 is undisputed).]  Mellon used the restroom and, after he left the store, there was an encounter between Mellon and Victor Eti ("Eti"), a Home Depot Asset Protection Specialist ("the Incident").  Mellon left the store premises after the Incident.  [Def.'s CSOF at ¶¶ 2-3; Pltf.'s CSOF at ¶¶ 2-3 (partially disputing Def.'s ¶¶ 2-3 on other grounds).]

Immediately after the Incident, Eti called the police about the Incident and made a statement on a Honolulu Police Department ("HPD") 252 Form ("Police Statement").  [Def.'s CSOF at ¶¶ 4-5; Pltf.'s CSOF at ¶¶ 4-5; Def.'s CSOF, Decl. of Nicholas P. Ching ("Ching Decl."), Exh. C (Police Statement).]  According to the Police Statement, both while Mellon was in the store and during the Incident, Mellon exposed what appeared to Eti to be part of a handgun in Mellon's backpack.  [Ching Decl. Exh. C at PageID #: 297.]  According to the Police Statement,

2

Mellon told Eti: "'Don't make me use this on you.'" [Id.] Mellon denies having a gun, and Mellon states he felt threatened by Eti, who Mellon asserts never identified himself and was acting strangely. [Ching Decl., Exh. B (Pltf.'s Answers to Def. Home Depot U.S.A., Inc.'s First Request for Answers to Interrogs. to Pltf. Jamie M. Mellon) at No. 31.]

Also on May 26, 2018, Mellon was arrested by an HPD officer and was incarcerated. A judicial determination of probable cause for the arrest was made on May 29, 2018, and, on May 31, 2018, Mellon was indicted by a grand jury for terroristic threatening in the first degree.[1] He was arraigned in the state court on June 7, 2018, and his bail was set at $11,000. At the arraignment and plea hearing, the state court noted that a Pretrial Bail Report had been prepared, and that Mellon was not making a motion at that time. On July 16, 2018, Mellon filed a motion for supervised release, which stated that he could not afford bail. On July 31, 2018, the state court set Mellon's bail aside and granted supervised release. On September 4, 2018, the state court issued a bench warrant for Mellon's arrest for violation of the terms of his supervised release, and the bench warrant was served on October 8, 2018.

---

[1] The state court case arising from the indictment was State v. Mellon, Cr. No. 1CPC-18-0000874 ("Criminal Case"). See Ching Decl., Exh. J (Indictment filed in the Criminal Case).

Mellon requested release on October 29, 2018, and January 7, 2019, but both requests were denied.  [Def.'s CSOF at ¶¶ 6-14; Pltf.'s CSOF at ¶¶ 6-14.]

Mellon was tried before a jury from February 20 to 22, 2019.  Eti testified on February 21, 2019, and Mellon testified on February 22, 2019.  The jury ultimately found Mellon not guilty, and he was released from custody on February 22, 2019.  [Def.'s CSOF at ¶¶ 15-18; Pltf.'s CSOF at ¶¶ 15-18.]  Mellon alleges he was incarcerated for a total of approximately 305 days.  [Complaint at ¶ 5.]

The Complaint alleges the following claims: false arrest/imprisonment; intentional infliction of emotional distress ("IIED"); and negligence.  [Id. at ¶¶ 4-7.]  In the instant Motion, Defendant argues it is entitled to summary judgment on all of Mellon's claims because, even in viewing the evidence in the light most favorable to him, he cannot establish the elements of any of his claims.

## DISCUSSION

### I. Negligence

At the outset, this Court agrees with the prior ruling of this district court that, under Hawai`i law,

> "[t]here is no 'duty' to not arrest without probable cause." Pourny v. Maui Police Dep't, Cty. of Maui, 127 F. Supp. 2d 1129, 1145-46 (D. Haw. 2000) (citing Reed [v. City & Cnty. Of Honolulu], 76 Haw. 219, 230, 873 P.2d [98,] 109

4

>             [(1994)]).  There is only the intentional tort of
>             "false arrest," . . . .  See id.

Rodrigues v. Cnty. of Hawai`i, Civ. No. 18-00027 ACK-WRP, 2019 WL 7340497, at *15 (D. Hawai`i Dec. 30, 2019) (some alterations in Rodrigues).  Because Mellon's negligence claim is based upon the same facts as his false arrest/imprisonment claim, he cannot prevail on the negligence claim, as a matter of law.  Defendant is therefore entitled to summary judgment as to Mellon's negligence claim.  See Fed. R. Civ. P. 56(a) (stating a party is entitled to summary judgment if it establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

## II. False Arrest/Imprisonment

Mellon asserts both false arrest and false imprisonment, but the Hawai`i Supreme Court has stated:

> Because "'a person who is falsely arrested is at the same time falsely imprisoned,' false arrest and false imprisonment as tort claims are 'distinguishable only in terminology.'" Meyer v. City and County of Honolulu, 6 Haw. App. 505, 508, 729 P.2d 388, 391, *aff'd in part and rev'd in part on different grounds*, 69 Haw. 8, 731 P.2d 149 (1986) (citation omitted).  "For both false arrest and false imprisonment, the essential elements are '(1) the detention or restraint of one against his [or her] will, and (2) the unlawfulness of such detention or restraint.'" Id. at 508-09, 729 P.2d at 392 (quoting 32 Am. Jur. 2d False Imprisonment, § 2, at 59 (1982)). . . .
>
> The determination of probable cause is a defense to the common law claims of false arrest[

5

> and] false imprisonment . . . . House v. Ane, 56
> Haw. 383, 390-91, 538 P.2d 320, 325-26 (1975);
> Towse v. State, 64 Haw. 624, 635, 647 P.2d 696,
> 704 (1982) . . . .

Reed, 76 Hawai`i at 230, 873 P.2d at 109 (some alterations in Reed).

Defendant argues it is entitled to at least a qualified privilege from Mellon's false arrest/imprisonment claim because the claim is based on Eti's statements to law enforcement. This argument is an extension of the qualified privilege analysis applicable to defamation claims. For example, in Tuomela v. Waldorf-Astoria Grand Wailea Hotel, Civ. No. 20-00117 JMS-RT, 2021 WL 233695 (D. Hawai`i Jan. 22, 2021), the defendant was the plaintiff's prior employer. The plaintiff, Wendy Tuomela ("Toumela"), alleged defamation claims based on various theories, and the employer sought summary judgment as to the portion of her defamation claims based on the employer's statements to police about a theft that Tuomela allegedly committed. Id. at *1-2. The employer urged the district court to apply a minority rule, under which "an absolute privilege protects statements made to police, and thus encourages persons to report criminal activity to authorities without fear of retaliation." Id. at *2. The district court noted that

> "the majority rule is that statements made to law
> enforcement enjoy [only] a qualified privilege

6

> from defamation actions, which can be lost through abuse, such as when statements are made with malice or in bad faith." Siercke v. Siercke, 167 Idaho 709, 476 P.3d 376, 381 (Idaho 2020) (citing Berian v. Berberian, --- P.3d ----, 2020 WL 6387153, at *8 (Idaho Nov. 2, 2020)). "[A] qualified privilege [strikes] the appropriate balance between protecting those who seek to report criminal conduct to law enforcement and the countervailing interest in remedying the 'potentially disastrous consequences that may befall the victim of a false accusation of criminal wrongdoing.'" Id. (quoting Gallo v. Barile, 284 Conn. 459, 935 A.2d 103, 111 (Conn. 2007)).

Id. at *3 (alterations in Tuomela). The district court noted that the Hawai`i courts have not addressed whether Hawai`i follows the majority or minority rule "as to the degree of privilege from defamation given to statements made to police **before** criminal proceedings are initiated[,]" and ultimately predicted that the Hawai`i courts would follow the majority rule. Id. (emphasis in Tuomela). The district court concluded that an absolute privilege was not available and declined to apply the minority rule. Id. at *5.

> Given this ruling, the court will apply existing Hawaii law, which holds more generally that, for claims of defamation, a speaker is protected by a qualified privilege when he or she "reasonably acts in the discharge of some public or private duty, legal, moral, or social, and where the publication concerns subject matter in which the author has an interest and the recipients of the publication a corresponding interest or duty." Russell [v. Am. Guilty of Variety Artists], 53 Haw. [456,] 460, 497 P.2d [40,] 44 [(1972)].

7

> > [T]he qualified privilege is conditional and it must be exercised (1) in a reasonable manner and (2) for a proper purpose. The immunity is forfeited if the defendant steps outside the scope of or abuses the privilege. The qualified privilege may be abused by (1) excessive publication, (2) use of the occasion for an improper purpose, or (3) lack of belief or grounds for belief in the truth of what is said.
>
> Kainz v. Lussier, 4 Haw. App. 400, 405, 667 P.2d 797, 802 (Haw. Ct. App. 1983) (citations omitted). And the party claiming defamation has the burden of proving that a qualified privilege was abused. See Towse v. State, 64 Haw. 624, 632, 647 P.2d 696, 702 (1982).

Id. (some alterations in Tuomela).

This Court agrees with the district court's reasoning in Tuomela. To the extent that the majority rule applies to false arrest/imprisonment claims, this Court would conclude, as a matter of law, that the qualified privilege protects Eti's statements about Mellon to police because, even viewing the record in the light most favorable to Mellon:[2] Eti acted reasonably in the discharge of his private duty as a Home Depot Asset Protection Specialist when he made statements about a suspected crime on Home Depot premises; he had an interest in the statements that he made to HPD - protecting his place of employment and its customers; and the recipients of the

---

[2] In determining whether there is a genuine issue of material fact that precludes summary judgment, a court must view the record in the light most favorable to the non-moving party. Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013).

8

statements, HPD officers, had an interest in the statements because they were conducting an investigation into the suspected crime.  See Russell, 53 Haw. at 460, 497 P.2d at 44.  Further, there is no evidence creating a genuine issue of fact as to whether Eti: made the statements with malice, in bad faith, or with an otherwise improper purpose; repeated the statements excessively; or made the statements without a belief they were true or without grounds to believe that they were true.  See Siercke, 476 P.3d at 381; Kainz, 4 Haw. App. at 405, 667 P.2d at 802.

Ultimately, however, this Court need not determine whether the type of statements that Eti made about Mellon to HPD are protected by a qualified privilege from false arrest/imprisonment claims need not be determined because, even construing the evidence in the light most favorable to Mellon: 1) neither Eti nor any other employee or agent of Defendant arrested and detained Plaintiff; and 2) the arrest and restraint that Plaintiff was subjected to was lawful because Eti reported a suspected crime and a grand jury subsequently found that there was sufficient evidence to indict Mellon for the suspected crime.  See Reed, 76 Hawai`i at 230, 873 P.2d at 109.  Mellon has not identified any controlling case law or other binding legal authority to support his position that Defendant can be held liable for false arrest/imprisonment because Eti's

9

statements to HPD set in motion a series of events that resulted in Mellon's arrest and imprisonment.  Further, Mellon has not raised any controlling authority supporting that position.  Even if there is support for Mellon's position and liability against Defendant was theoretically possible, Defendant would still be entitled to judgment as a matter of law based on the qualified privilege analysis above.

There are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law as to Mellon's false arrest/imprisonment claim.

### III. IIED

> This Court has stated:
>
> The elements of an IIED claim are: "1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008).  "The term 'outrageous' has been construed to mean without cause or excuse and beyond all bounds of decency." Enoka v. AIG Haw. Ins. Co., 109 Hawai`i 537, 559, 128 P.3d 850, 872 (2006) (citation and internal quotation marks omitted)).  "The question whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance, although where reasonable people may differ on that question it should be left to the jury." Young, 119 Hawai`i at 429, 198 P.3d at 692 (citation and quotation marks omitted).

Chavez v. Deutsche Bank Nat'l Tr. Co., CIV. NO. 17-00446 LEK-RT, 2020 WL 7038589, at *21 (D. Hawai`i Nov. 30, 2020) (ellipse and

some citations omitted), *reconsideration denied*, 2021 WL 1256897 (Mar. 24, 2021).

Mellon's IIED claim fails as a matter of law because, even construing the record in the light most favorable to Mellon, Eti's report to HPD that he suspected Mellon of committing a crime does not constitute the type of outrageous conduct necessary to support an IIED claim.  Cf. Shiga v. Hawaiian Mission Acad., No. 27857, 2007 WL 2422138, at *4 (Hawai`i Ct. App. Aug. 28, 2007) ("Although [the defendant]'s act of calling the police clearly satisfies the requirement of an intentional act, the [plaintiffs] fail to show how this act was in any way outrageous.").  There are no genuine issues of material fact for trial, and Defendant is entitled to summary judgment as Mellon's IIED claim.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment, filed July 7, 2021, is GRANTED, and Defendant is entitled to summary judgment as to all of Mellon's claims. The Clerk's Office is DIRECTED to enter final judgment and close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 28, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JAMIE M. MELLON VS. HOME DEPOT U.S.A., INC.; CV 20-00480 LEK-KJM; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**